MARGARET A. HOLMES, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

CARL F. HOLMES, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 48631, 51473, 51570, 53394, 53395

Promulgated January 31, 1933.

*Charles B. McInnis, Esq.*, for the petitioners.
*C. H. Gwinn, Esq.*, for the respondent.

OPINION.

BLACK: In these proceedings the Commissioner has determined deficiencies against petitioners as follows:

| Petitioner | Year | Deficiency |
|---|---|---|
| Carl F. Holmes | 1927 | $35,598.77 |
|  | 1928 | 34,380.40 |
| Margaret A. Holmes | 1926 | 38,973.05 |
|  | 1927 | 21,940.68 |
|  | 1928 | 28,519.09 |

The cases were consolidated for hearing and all the facts have been stipulated. The stipulation of facts as to petitioner Margaret A. Holmes, omitting formal parts, was as follows:

(1) The petitioner is an individual whose legal residence is No. 2 East 86th Street, New York, New York, and whose mailing address is care Willard A. Mitchell, No. 141 Broadway, New York, New York.

(2) Under date of March 23, 1926, the petitioner, as settlor, entered into a trust agreement with Hugo A. Oswald, as trustee.

(3) The 39,308 shares of the capital stock of the Fleischmann Company, specified in the schedule attached to the said trust agreement, were duly trans-

ferred to the name of Hugo A. Oswald, trustee, on the stock books of the Fleischmann Company and the new certificates for the said 39,308 shares were delivered to Hugo A. Oswald in accordance with the terms of the Trust, under date of March 25, 1926.

(4) The said Hugo A. Oswald, as trustee of the said Trust, duly filed with the Collector of Internal Revenue, Newark, New Jersey, federal income tax returns on Form 1040, on behalf of the said Trust for the years 1926, 1927 and 1928, reporting therein all income received by the said Trust during the said years respectively.

(5) The said Hugo A. Oswald, as trustee, duly paid to the Collector of Internal Revenue, Newark, New Jersey, the amount of federal income taxes shown to be due on the above mentioned returns for the years 1926, 1927 and 1928. The said amounts of taxes shown to be due on the said returns for 1926, 1927 and 1928 are still retained by the United States Government although the said Hugo A. Oswald, trustee, has duly filed claims for refund of the said taxes, which claims are now pending before the Commissioner of Internal Revenue.

(6) The petitioner, Mrs. Margaret A. Holmes, duly filed with the Collector of Internal Revenue for the Second District of New York, at 17 Battery Place, New York, New York, individual federal income tax returns for the years 1926, 1927 and 1928 and reported therein all individual income received by her during the said years respectively, not including income received and retained by the said trustee under the said indenture of trust.

(7) The Commissioner of Internal Revenue has added to the taxable income reported by the petitioner in her individual income tax returns for the years 1926, 1927 and 1928 all of the income received and retained by the said Trust during the said years 1926, 1927 and 1928, respectively, and which was reported in the returns filed on behalf of the said Trust for the said years 1926, 1927 and 1928, respectively.

(8) The Trust created by the instrument was in full force and effect during the period from March 23, 1926 to December 31, 1928, and all terms and conditions of the said Trust were duly observed and followed by all persons who were affected by the same during the said period from March 23, 1926 to December 31, 1928.

The stipulation as to Carl F. Holmes was in all essential respects the same as the foregoing stipulation, except as to names, amounts of securities transferred to the trustee, etc. Said stipulation as to Carl F. Holmes is incorporated herein by reference, together with the exhibit which is attached thereto.

The pertinent provisions of the trust instrument, omitting the formal parts, executed by petitioner Margaret A. Holmes to Hugo A. Oswald, trustee, are as follows:

To HAVE AND TO HOLD the said personal property and each and every part thereof unto the Trustee so long as the Settlor shall live or until the earlier revocation of this instrument as hereinafter provided, IN TRUST nevertheless for the following purposes, that is to say:

(A) To collect and receive all income, dividends and profits payable out of or arising from or accruing to the said property or other property which may pursuant to the terms hereof be added to or substituted for the property hereby assigned and held pursuant to this Indenture and all moneys arising from the proceeds of the sale of any such property.

(B) To accumulate and invest said income and moneys and retain the same as part of the TRUST FUND until the termination or revocation of this trust, excepting as to such part thereof, if any, as, in accordance with a provision hereinafter contained, may, during the term of said trust, be paid over to the Settlor or to any other person or persons. All moneys which the Trustee may be required to pay to the Settlor hereunder in accordance with such provision shall be deposited to the credit of her account with the Garfield National Bank in New York City or otherwise paid as the Settlor shall from time to time request, and all moneys which the Trustee may be required to pay over during the term of said trust to said Carl F. Holmes hereunder in accordance with such provision shall be deposited to the credit of his account with said Garfield National Bank in New York City or otherwise paid as he shall from time to time in writing request.

(C) Upon the expiration of the term of this trust to pay over the principal of the Trust Fund and all undistributed income thereof to said Carl F. Holmes, or in case of his death then to such person or persons and in such proportions as the Settlor shall by her Last Will and Testament designate, or in the absence of such designation, then to such person or persons as according to the then existing laws of the 'State of New York would have been entitled to take the same in distribution as the next of kin of said Carl F. Holmes, if at the time of the termination of said trust said Carl F. Holmes had been a resident of the State of New York, without father or mother living, and had died intestate owning said principal as personalty, said person or persons to take said principal in such shares and proportions as they would have been entitled to take the same in that event.

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

11. PROVIDED ALWAYS and it is expressly agreed that the Settlor may with the consent in writing of said Carl F. Holmes, if living, and if not then of any other beneficiary hereunder, and also of any of the following, viz., Julius F. Holmes, Bettie F. Holmes, Willard A. Mitchell or Hugo A. Oswald, but not otherwise, by writing under the hand of the Settlor, require the payment to her or for her account of any part of the principal or income of said trust fund, or revoke and make void the trusts hereby declared and may, if thought fit declare, for a term not longer than the life of the Settlor, any other trusts of the Trust Fund or any part thereof and of the subsequent income therefrom and so that in the event of such revocation and of failure on the part of the Settlor to declare any other trusts of the Trust Fund or of any part thereof the Trustee shall forthwith upon such revocation pay, endorse and deliver over the money and investments for the time being representing the Trust Fund or such part thereof as shall not be the subject of such other trusts as aforesaid, including all undistributed income, if any, to the Settlor.

12. At the end of each period of one year from the date hereof all income from the Trust Fund remaining in the possession of the Trustee, whether invested or not invested, shall be added to and deemed to be part of the principal of said Trust Fund.

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

### SCHEDULE

The property assigned to the Trustee by the foregoing Deed of Trust consists of Thirty-nine thousand three hundred and eight (39,308) shares of the capital stock of The Fleischmann Company, a corporation of the State of Ohio.

The trust instrument attached to the stipulation filed in Carl F. Holmes, petitioner, Docket Nos. 51473 and 53395, is in all respects the same as the trust instrument executed by petitioner Margaret A. Holmes, from which the above quotations are made, except as to names, and the amounts of securities transferred by said instrument. The reasons prompting the action of the Commissioner in adding to the income of the petitioners the income of the respective trusts, which they had created is stated by him in one of the deficiency notices mailed to petitioner, Carl F. Holmes, as follows:

It is your contention that with the exception of the sums which you received under the requests which were honored by the trustee, the net income of the Carl F. Holmes trust need not be included in net income for the reason that under the trust agreement provisions you must secure the consent of the beneficiary named in order to revest in yourself any part of the corpus of the trust.

You are advised that it is held in this office that under the trust instrument executed by you on March 24, 1926, Margaret A. Holmes can not be regarded as a bona fide beneficiary within the meaning of section 219 (g) or section 219 (h) of the Revenue Act of 1926, but instead she must be considered as being not a beneficiary of the trust. Since you, in conjunction with Margaret A. Holmes, who is not a beneficiary of the trust, had authority at all times during the year 1927 to have revested in yourself title to all of the corpus or to have distributed to yourself, all of the income of the trust, the entire net income of the Carl F. Holmes trust must be included in your personal income tax return for the year in question.

It will be seen from the foregoing stipulation of facts and the statement taken from the Commissioner's deficiency notice that the question involved is whether the income representing the *profit on the sale* of certain stock in the trusts, and certain *dividend* income of the trusts, is to be taxed, by virtue of section 219 (g) and (h) of the Revenue Act of 1926, and sections 166 and 167 of the Revenue Act of 1928, to the grantor of the trust or to the trust itself. The petitioners rely upon the fact that they, severally, as to the trust created by each of them, had absolutely no power to "revest" in himself title to any part of the corpus of the trust "either alone or in conjunction with any person not a beneficiary of the trust," and also upon the fact that no part of the income of the trust may, in the discretion of the grantor, "either alone or in conjunction with any person not a beneficiary of the trust," be distributed to or accumulated for future distribution to the grantor. It is the contention of petitioners that in the case of each trust the power of revocation is made absolutely dependent upon the consent of the beneficiary of the trust, nor may any income of either trust be distributed to the grantor or held or accumulated for future distribution to him, either alone or in conjunction with any person not a beneficiary of the trust. The distribution or accumulation of income to the grantor,

as well as the revocation of the trust itself, are both, by express language, made subject to the consent of the beneficiary named in the trust, and others.

If the instant case had arisen prior to 1924, no controversy would likely have arisen between the petitioners and the respondent. The trusts of March 23, 1926, and March 24, 1926, clearly turned over certain principal or corpus to a trustee who held the title thereto. The income upon such principal or corpus, under the laws prior to the 1924 Act, would plainly have been taxable to the trusts.

Realizing that the law, as it then stood, permitted the avoidance of tax liability in a considerable number of cases without affecting the substantial rights of taxpayers, Congress inserted in the Revenue Act of 1924, at the end of section 219, two entirely new subdivisions, which have been reenacted in identical terms in subsequent statutes.

For the purpose of ascertaining the intendment of Congress in adding these subdivisions to the statute the proceedings in Congress antedating the enactment of the Revenue Act of 1924 may be consulted.

It will be found that subdivision (g) underwent considerable change in the course of its passage. In its first form (the first House Bill) the section applied broadly to any power of revocation which, if exercised, would revest title to the corpus. The Senate amended the bill by adding the phrase "at any time during the taxable year, either alone, or in conjunction with any person." In Conference the section was further amended by adding the phrase " NOT A BENEFICIARY OF THE TRUST " in description of the word " person." These changes are not explained, but may have been for constitutional reasons. However that may be, the changes clearly show that the act, as finally passed, expresses the definite purpose that the provision shall not be applicable if revocation is dependent upon the consent of the beneficiary.

What has been said with respect to subdivision (g) applies with respect to subdivision (h), the same language, " NOT A BENEFICIARY OF THE TRUST," having been inserted at the insistence of the Senate in that subdivision.

In order to permit the inclusion in the income of the grantor of the income of a trust under sections 219 (g) and 166, there must be a power to revest title of the corpus of the trust in the grantor, and that power must exist (a) " at any time during the taxable year " and (b) the power must exist in the grantor " either alone or in conjunction with another person not a beneficiary of the trust." We are not concerned in the instant case with the condition stated in (a), since any power which did exist to revest title in the grantor

existed during the taxable year. We are concerned rather with the interpretation of the clause " *either alone or in conjunction with another person not a beneficiary of the trust.*"

The purpose of Congress seems to be clear. Congress recognized the justice and propriety of taxing not only income derived from property the title of which was held by the taxpayer, but also that income " subject to a man's unfettered command and that he is free to enjoy at his own option " might properly be taxed to him as his income. Congress recognized that the mere transfer of legal title to a corpus or principal fund producing income should not be sufficient to transfer, for taxation purposes, the ownership of the income and thus permit minimization of tax liability. The real purpose of the provisions under question is plainly to reach with taxation that income which, in a technical sense, is transferred to another but which the transferor is free to appropriate (*Corliss* v. *Bowers*, 281 U. S. 376). A taxpayer who creates a revocable trust is in the position of being free to appropriate the income of the trust at any time. Accordingly, it is reasonable to say that such a taxpayer should be regarded as in receipt of that income which by his own voluntary action he chooses not to appropriate. The Supreme Court says that it does not matter " whether the permission is given by assent or by failure to express dissent." The point is that in reality and substance, as distinguished from mere form, the income belongs to the taxpayer and should be taxed to him.

Applying these considerations to the facts of the instant case, it would seem that the trusts in question were not " revocable trusts " within the meaning of section 219 (g) and (h) of the Revenue Act of 1926 and sections 166 and 167 of the Revenue Act of 1928. Before petitioner Margaret A. Holmes could revoke the trust which she created, she would have to secure the consent of the beneficiary Carl F. Holmes. Before Carl F. Holmes could revoke the trust which he created, he would have to secure the consent of the beneficiary Margaret A. Holmes. This being true, we hold that respondent was in error in holding that the trusts were revocable trusts under the applicable statutes.

The respondent in his deficiency notices seems to have adopted the theory that because petitioners were husband and wife, that fact created an exception to the general language of the statute, but we find no authority for so holding. Husband and wife are separate taxpayers and they have the right to have the tax on their incomes computed separately and, when they elect to exercise that right, the Commissioner has no authority to tax the income of one to the other.

In the very recent case of *Hooper* v. *Tax Commissioner of Wisconsin*, 284 U. S. 206, the Supreme Court held that a provision of the

Wisconsin statute was void which provided for the addition of a wife's income to her husband's income in computing the husband's tax liability.

In the instant case we do not have to decide whether an act of Congress would be void if it undertook to except from the provisions of section 219 (g) and (h) and sections 166 and 167 of the Revenue Acts of 1926 and 1928, respectively, trusts in which the husband or wife were made the beneficiaries.

Suffice it to say that Congress did not write into said sections any such exception and we have no authority to write into such sections, by construction, any such exceptions. Cf. *Iola Wise Stetson*, 27 B. T. A. 173; *Bessie R. Jones*, 27 B. T. A. 171; *Sydney R. Bliss*, 26 B. T. A. 962.

*Decision will be entered for the petitioners.*