David J. Lit, Rosa L. Lit, and Francis B. Bracken, Executors of the Estate of Samuel D. Lit, Petitioners, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 60619.   Promulgated August 4, 1933.

*William Clark Mason, Esq.*, and *Henry Gross, Esq.*, for the petitioners.

*R. F. Staubly, Esq.*, for the respondent.

OPINION.

BLACK: Since the parties have stipulated that the several instruments involved herein were not executed in contemplation of death, it is necessary to consider only the application of that part of section 302 of the Revenue Act of 1926 which is printed in the margin.[1]

Both at the hearing and in their brief petitioners have stressed the point that the instrument of December 30, 1927, purporting to create a " new trust ", did not in substance create a new trust; that it was in substance merely an amendment to the original trust created January 27, 1923, which trust was amended December 5, 1924; that after the amendment of December 5, 1924, decedent had no interest in or control over the corpus of the trust because it was irrevocable; and that it therefore follows that decedent, having prior to the alleged amendatory agreement of December 30, 1927, transferred the trust property beyond recall and never having reacquired the same, it could not on any principle of law be regarded as a part of his gross estate at the time of his death, citing *May* v. *Heiner*, 281 U.S. 238.

We are not impressed with petitioner's contention that no new trust was created on December 30, 1927. We think the two instruments executed on December 30, 1927, set out at length in our findings, show beyond all doubt or question that the original trust as amended was, on December 30, 1927, specifically revoked and a new trust created.

We also fail to see wherein *May* v. *Heiner*, *supra*, is in point. That case is distinguished from the instant case on both the facts and law. The trust in the former case was irrevocable. Neither did Pauline May, the creator, reserve any power, either by herself alone or in conjunction with any person, to alter or amend the trust. The case arose under section 402 (c) of the Revenue Act of 1918, which act contained no provisions similar to subdivision (d) of sec-

---

[1] SEC. 302. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

\*          \*          \*          \*          \*          \*          \*

(c) To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise \* \* \* intended to take effect in possession or enjoyment at or after his death, except \* \* \*.

(d) To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, where the enjoyment thereof was subject at the date of his death to any change through the exercise of a power, either by the decedent alone or in conjunction with any person, to alter, amend, or revoke, \* \* \* except in case of a bona fide sale for an adequate and full consideration in money or money's worth. \* \* \*

\*          \*          \*          \*          \*          \*          \*

(h) Except as otherwise specifically provided therein, subdivisions (b), (c), (d), (e), (f), and (g) of this section shall apply to the transfers, trusts, estates, interests, rights, powers, and relinquishment of powers, as severally enumerated and described therein, whether made, created, arising, existing, exercised, or relinquished before or after the enactment of this Act.

tion 302 of the Revenue Act of 1926. Cf. *Porter* v. *Commissioner*, 288 U.S. 436.

Petitioners further contend that, even if the trust be held to have originated in 1927, there was no transfer of any property of decedent intended to take effect in possession or enjoyment at his death, nor was there any trust created subject to amendment or revocation by decedent, either alone or in conjunction with "any person" within the meaning of section 302 (d), *supra*, citing in support thereof *Estate of Irving Lee Stone*, 26 B.T.A. 1; *Reinecke* v. *Northern Trust Co.*, 278 U.S. 339; and *Lillian M. Wheeler, Executrix*, 20 B.T.A. 695.

We will first take up respondent's contention that the value of the property in question should be included as a part of decedent's estate because of the provisions of section 302 (d), which has been quoted in the margin. It was this subdivision of the statute which respondent referred to in his deficiency notice as a basis for inclusion of the trust corpus as a part of decedent's estate. Undoubtedly if the language in section 302 (d) is to be given a strictly literal reading, it is broad enough to include transfers in trust, such as we have present in the instant case. For by its provisions the value of property is to be included as part of a decedent's estate "to the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, where the enjoyment thereof was subject at the date of his death to *any change* through the exercise of a power either by the decedent alone or in conjunction with *any person*, to alter, amend, or revoke   *   *   *." (Italics supplied.)

The declaration of trust here involved reserved the right to the settlor, Samuel D. Lit, to revoke the trust and make other disposition of the property, but this had to be done with the written consent of Rosa L. Lit, wife of the settlor of the trust, who was one of the beneficiaries of the trust. Undoubtedly she would be included in the expression "any person" used in section 302 (d) if such expression is to be given a literal interpretation. However, we have not interpreted section 302 (d) so literally as to include in a decedent's estate property which he had conveyed in trust subject to a power of revocation, where the power of revocation must be exercised in conjunction with some one who is a beneficiary of the trust estate. By the interpretation which we have given to section 302 (d), the expression "any person" is made to read "any person *not a beneficiary of the trust*." Cf. *Estate of Irving Lee Stone, supra; Colonial Trust Co. et al., Executors*, 22 B.T.A. 1377. It seems manifest that where a settlor conveys property in trust for designated beneficiaries and that such conveyance is irrevocable, except with the consent of the beneficiaries, the power reserved is not one of substance. Such a convey-

ance amounts to what is in reality an irrevocable conveyance, and the value of the property should not be included as a part of decedent's estate. This is what the Supreme Court held in *Reinecke* v. *Northern Trust Co.*, *supra*, as to the five trusts involved in that proceeding, where the settlor had reserved the right to alter, change or modify the trusts, acting in conjunction with the beneficiaries of the trusts. With respect to those five trusts, the Supreme Court said: " Since the power to revoke or alter was dependent on the consent of the one entitled to the beneficial and consequently *adverse interest*, the trust, for all practical purposes had passed as completely from any control of decedent which might inure to his own benefit, as if the gift had been absolute." It is true that *Reinecke* v. *Northern Trust Co.*, *supra* was decided under the Revenue Act of 1921, which did not contain any section 302 (d) such as was written into later acts, but it is not believed that Congress by the language of 302 (d) meant to require the inclusion in a decedent's estate of the value of property which the decedent in his lifetime had conveyed in trust to another where he could revoke the trust only by acting in conjunction with such adverse interest. Section 302 (d) appeared for the first time in the Revenue Act of 1924. When the Revenue Bill of 1924 was before Congress, the Committee on Ways and Means of the House[2] and the Committee on Finance of the Senate[3] submitted separate reports. That part of each report which refers to the then proposed section 302 (d) is identical (with the exception of the placement of two commas, not here material) and is set out in the margin.[4]

It will be noted that both these reports from the Senate and House Committees state that section 302 (d) is in accord with the principle of section 219 (g), which deals with the income of a revocable trust. That section in both the Acts of 1924 and 1926 reads:

(g) Where the grantor of a trust has, at any time during the taxable year, either alone or in conjunction with *any person not a beneficiary of the trust*, the power to revest in himself title to any part of the corpus of the trust, then the income of such part of the trust for such taxable year shall be included in compiling the net income of the grantor. [Italics supplied.]

---

[2] H.Report No. 179, 68th Cong., 1st sess.

[3] S.Report No. 398, 68th Cong., 1st sess.

[4] Section 302(d) : By this subdivision if the decedent had the power at the time of his death to change the enjoyment of a property interest, which he had transferred, or with respect to which he had created a trust, such interest is to be included for estate tax purposes in his gross estate. Likewise, if the decedent had relinquished such a power in contemplation of death, except by a sale for a fair consideration, the property interest over which he had such a power is to be included in his gross estate.

Even though the decedent has made the transfers specified in this subdivision, he has retained substantial control over the disposition of the property, through the power to change the enjoyment thereof. Such property interests should therefore fairly be taxed as part of decedent's estate, particularly since, by virtue of his death, the substantial interest which he had has been wiped out, and to the same extent the property interest of the legal title holder, his transferee, has been increased. *This provision is in accord with the principle of section 219 (g) of the bill which taxes to the grantor the income of a revocable trust.* [Italics supplied.]

If the words " any person " as used in section 302 (d) were given a meaning which includes persons who are beneficiaries and consequently have an interest adverse to those of the grantor of the trusts, then in our opinion section 302 (d) would not be in accord with the principle of section 219 (g), because by the provisions of section 219 (g) a trust is not treated as revocable where the grantor in order to amend, modify or revoke the trust must secure the consent of the beneficiary. Cf. *Bessie R. Jones*, 27 B.T.A. 171; *Iola Wise Stetson*, 27 B.T.A. 173.

If the wife of the grantor of a trust is a beneficiary of the trust and the trust can only be revoked with her consent, then she is such an adverse interest as is named in section 219 (g) and the income of the trust is not taxable to the grantor. *Margaret A. Holmes*, 27 B.T.A. 660.

In the declaration of trust with which we are here concerned the trustee was directed to pay over to Rosa L. Lit, wife of the settlor, all dividends for and during her lifetime, etc. Therefore, we hold that Rosa L. Lit was granted a life estate in the corpus of the trust and that this life estate which vested in her was an interest adverse to that of the settlor of the trust and that inasmuch as section 5 of the declaration of trust provided that it could only be revoked, either as to principal or income, by securing the written consent of the said Rosa L. Lit, then under the principles announced in *Margaret A. Holmes*, *supra*, the value of the life estate of Rosa L. Lit in the trust corpus is not includable as a part of decedent's estate under the provisions of section 302 (d), Revenue Act of 1926.

But the declaration of trust involved in this proceeding, in addition to creating a life estate in the corpus vested in Rosa L. Lit, also created a remainder interest in David Jack Lit, son of the settlor of the trust. We hold that the trust conveyance as to this remainder interest was a revocable one and that as a consequence the value of the remainder interest in the corpus of the trust estate at the time of decedent's death should be included as a part of decedent's gross estate. As we have already pointed out, the 1924 and 1926 Acts added section 302 (d), and (d) is not a mere specification of something covered by language which was already in section 302 (c), but expands the base and covers something not previously included therein. Cf. *Porter* v. *Commissioner*, *supra*. The language of 302 (d) under which the value of this remainder interest conveyed to David Jack Lit should be included reads: " To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, where the enjoyment thereof was subject at the date of his death to any change through the exercise of a power, either by the decedent alone or in conjunction *with any person*, to alter, amend,

or revoke * * *." The settlor's right to amend the declaration of trust by revoking the second paragraph thereof (it was this paragraph which conveyed the remainder interest to David Jack Lit, son of settlor) was not dependent upon securing the latter's consent. All that the settlor had to do in order to exercise this reserved power of revocation as to David Jack Lit was to do it in conjunction with Rosa L. Lit, who was in no sense an adverse interest as to the remainder interest of the trust estate. This power of revocation as to David Jack Lit, reserved by the settlor to himself, hedged about somewhat though it was, was sufficient to make the value of the remainder interest includable under section 302 (d). Cf. *Porter* v. *Commissioner, supra.*

While it is true that in the *Porter* case the settlor of the trust was left free to exercise the limited power which he reserved, alone and without having to secure the consent of any one, whereas in the instant case the settlor must secure the written consent of his wife, Rosa L. Lit, still, as we have already stated, Rosa L. Lit had no interest in the remainder interest and as to that she was not an adverse interest and we think these facts bring the situation as to the remainder interest within the purview of the language of section 302 (d). Cf. *Luis James Phelps et al., Executors*, 27 B.T.A. 1224. It is perfectly true that, if the indenture of December 5, 1924, had remained in effect at the time of decedent's death, neither the value of the life estate nor the value of the remainder interest would have had to be included as a part of decedent's gross estate, because of the provisions of paragraph 5 of that particular indenture, which is set forth in our findings of fact. But, as we have pointed out before, the indenture of December 5, 1924, was completely revoked by the instrument of December 30, 1927.

The decision which we have reached to the effect that the value of the life estate vested in Rosa L. Lit should not be included as a part of decedent's estate, but that the value of the remainder interest conveyed to David J. Lit should be included under section 302 (d), makes it unnecessary that we rule upon the contention made by respondent in his amended answer to the effect that the corpus of the trust is subject to be included in the decedent's gross estate under section 302 (c) to the extent of the value of the reversionary interest remaining in the decedent upon the execution of the trust, the fee interest less the life estate immediately given to his wife. Respondent in his amended answer contends that the entire value of the property should be included, under section 302 (c), but in his brief he concedes that the life estate vested in Rosa L. Lit should not be included under 302 (c).

Reviewed by the Board.

*Decision will be entered under Rule 50.*