LOUIS C. RAEGNER, JR., DAVID A. DAVIES AND JOHANNA RAEGNER, AS EXECUTORS UNDER THE LAST WILL AND TESTAMENT OF LOUIS C. RAEGNER, DECEASED, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 49078. Promulgated February 27, 1934.

*Ethan R. Kayes, Esq.,* for the petitioners.
*R. F. Staubly, Esq.,* for the respondent.

OPINION.

BLACK: This proceeding is for the redetermination of a deficiency in Federal estate tax in the amount of $10,968.91. The amount of the deficiency protested is $2,933.04, and is based on the following assignment of error:

The taxing by the Commissioner of the principal amounting to $33,330.00 of a certain trust deed and the income thereof, dated December 9th, 1925, made by the Decedent for the benefit of his son, LOUIS C. RAEGNER, Jr., as beneficiary.

At the hearing the respondent filed an amended answer in which he made claim for an additional deficiency based upon the following affirmative allegation:

The respondent avers that in redetermining the deficiency there should be included in the gross estate, pursuant to the provisions of Section 302 (a) and/or 302 (c) of the Revenue Act of 1926, the amount of the value of the corpus of the trusts executed by the decedent during his lifetime, as follows:

Trust of Dec. 29, 1922—Johanna Raegner, primary beneficiary;
Trust of Apr. 30, 1923—Dorothy Raegner Matty, primary beneficiary;
Trust of Apr. 30, 1923—Marion Mitchell Henry, primary beneficiary;
Trust of Apr. 30, 1923—Louis C. Raegner, primary beneficiary;
Trust of Nov. 26, 1924—Dorothy Raegner Matty, primary beneficiary;
Trust of Nov. 26, 1924—Marion Mitchell Henry, primary beneficiary;
Trust of Jan. 2, 1925—Dorothy Raegner Matty, primary beneficiary;
Trust of Jan. 2, 1925—Marion Mitchell Henry, primary beneficiary; and
Trust of Dec. 9, 1925—Louis C. Raegner, primary beneficiary.

to the extent of the fee interest therein, as property of which the decedent died possessed, and/or as transfers intended to take effect in possession or enjoyment at or after the decedent's death.

The last named trust of December 9, 1925, Louis C. Raegner, primary beneficiary, included in above amended answer of respondent, is the same trust, property of which the Commissioner included as a part of decedent's gross estate in the deficiency determined in the deficiency notice.

The effect of respondent's amended answer as to this particular trust is to include it under section 302 (a) (c), Revenue Act of 1926, along with the property conveyed to the other eight trusts named, whereas in his deficiency notice this particular trust was included under the provisions of section 302 (d), Revenue Act of 1926.

Petitioners later were permitted to file an amended petition alleging that the respondent had also erred in including in the decedent's gross estate the amount of the value in excess of $5,000 of 22 shares of stock of the Corn Exchange Bank transferred to Louis C. Raegner, Jr., on April 11, 1928, which allegation of error was admitted by the respondent in his answer to the amended petition, and should, therefore, be corrected in the recomputation of the deficiency to be made under Rule 50.

The proceeding was submitted upon the following stipulation of facts:

1. That the decedent, Louis C. Raegner, died testate, a resident of New York City, on July 3, 1928.

2. That the petitioners, Louis C. Raegner, Jr., David A. Davies and Johanna Raegner, are the duly qualified and acting executors of the will of the decedent.

3. That under dates of December 29, 1922, April 30, 1923, November 26, 1924, January 2, 1925, and December 9, 1925, the decedent executed nine trust agreements and/or indentures, naming his wife, Johanna Raegner, and his children, Dorothy Raegner Matty, Marion Mitchell-Henry and Louis C. Raegner, Jr., as

primary beneficiaries thereunder, copies of which said trust indentures are hereto attached as Exhibits 1 to 9, inclusive.

4. That the dates of birth of the aforesaid primary beneficiaries of said trust indentures were as follows:

| Name | Date of Birth |
|------|---------------|
| Johanna Raegner | August 4, 1863 |
| Dorothy Raegner Matty | December 3, 1881 |
| Marion Mitchell-Henry | August 13, 1885 |
| Louis C. Raegner, Jr | April 11, 1897 |

5. That the decedent left him surviving his widow, Johanna Raegner, his daughter, Marion Mitchell-Henry, and his son, Louis C. Raegner, Jr. The decedent's daughter, Dorothy Raegner Matty, died April 17, 1925, leaving her surviving one child, John R. Matty, who was born September 20, 1905.

6. That the corpus of said indentures consisted of first preferred and first preferred Class B stock of the Roy Realty Company, par value $5.00 per share. The value, as of the date of the decedent's death, of the first preferred stock of the said Company was $4.00, and the value as of said date of the first preferred Class B stock was $4.00 per share.

The nine exhibits referred to in paragraph 3 of the stipulation are copies; in the respective order mentioned, of the nine trust indentures referred to in the above quoted portion of the respondent's amended answer, and are incorporated herein by reference.

Exhibit 1 is dated December 29, 1922. By this indenture the decedent appointed his wife, Johanna Raegner, his son, Louis C. Raegner, Jr., and his friend, David A. Davies, as trustees of 20,010 shares of first preferred 5 percent cumulative stock of the Roy Realty Co. The trust was to continue during the life of his said wife and the life of his said son. The net income from these shares was to be paid to the decedent's wife for her life, and upon her death to each of the decedent's children share and share alike, and "to the issue of a deceased child, such issue to take share and share alike its parent's share, per stirpes and not per capita." Upon the termination of the trust (i.e., upon the death of both Johanna Raegner and Louis C. Raegner, Jr.) the corpus was to be divided "share and share alike among the then living children, and the then living issue of any deceased child or children" of the grantor, "the issue of any deceased child or children to take, share and share alike the parent's share per stirpes and not per capita."

Exhibit 2 is dated April 30, 1923. By this indenture the decedent appointed his wife, Johanna Raegner, his son, Louis C. Raegner, Jr., and his friend, David A. Davies, as trustees of 53,330 shares of first preferred cumulative stock of the Roy Realty Co. The trust was to continue during the life of his son and the life of his grandson, John R. Matty. The net income from these shares was to be paid to the decedent's daughter, Dorothy R. Matty, for her life, and upon her death " during the continuance of this trust, share and

share alike to her issue her surviving, such issue to receive per stirpes and not per capita, but upon the death of all the issue of my daughter, DOROTHY, at any time during the continuance of this Trust, then and thenceforth the share of the net income to which the deceased child, his or her issue, if then living would have been entitled, shall be divided per stirpes and not per capita into as many shares as there shall be then living children of mine and any lawful issue of any deceased child and one share of such income shall be paid to each of my children then living and one share thereof shall be paid share and share alike to the lawful issue per stirpes and not per capita, of any deceased child." Upon the termination of the trust (i.e., upon the death of both Louis C. Raegner, Jr., and John R. Matty) the corpus "shall be payable to my daughter, DOROTHY, if she be then living, and if she be then deceased, share and share alike to the lawful issue her surviving, per stirpes and not per capita, and in case my daughter shall have died without leaving lawful issue then living, the principal of said trust estate shall be divided per stirpes and not per capita into as many shares as there shall be then living children of mine and the lawful issue of any deceased child, and one share of said trust fund shall be paid to each of my children then living and one share shall be paid share and share alike to such lawful issue, per stirpes and not per capita."

Exhibits 3 and 4 are identical in every respect with Exhibit 2, except that the trust in Exhibit 3 was created primarily for the decedent's daughter Marion and her issue, if any, and the trust in Exhibit 4 was created primarily for the decedent's son Louis and his issue, if any.

Exhibit 5 is dated November 26, 1924. The trustees, duration of the trust, life beneficiary, and remaindermen are identically the same as in Exhibit 2. The corpus of the trust is 5,000 shares of first preferred class B stock of the Roy Realty Co.

Exhibit 6 is dated November 26, 1924. The trustees, duration of the trust, life beneficiary, and remaindermen are identically the same as in Exhibit 3. The corpus of the trust is 5,000 shares of first preferred class B stock of the Roy Realty Co.

Exhibit 7 is dated January 2, 1925. The trustees, duration of the trust, life beneficiary, and remaindermen are identically the same as in Exhibit 2. The corpus of the trust is 1,667 shares of first preferred class B stock of the Roy Realty Co.

Exhibit 8 is dated January 2, 1925. The trustees, duration of the trust, life beneficiary, and remaindermen are identically the same as in Exhibit 3. The corpus of the trust is 1,667 shares of first preferred class B stock of the Roy Realty Co.

Exhibit 9 is dated December 9, 1925. The trustees and duration of the trust are identically the same as in Exhibits 2 to 8, inclusive.

The corpus of the trust is 6,666 shares of first preferred class B stock of the Roy Realty Co. The net income from the shares was to be paid " to the Settlor's said son, Louis C. Raegner, Jr., and upon his death to pay over the income and any accumulations of income to such person or persons and in such shares and lawful estates as the said son Louis C. Raegner, Jr., may nominate and appoint by his last will and testament, or other written instrument and, in default of the same, upon his death during the continuance of this trust, to pay the income, share and share alike to his issue him surviving, such issue to receive per stirpes and not per capita, but upon the death of all the issue of the said son, Louis C. Raegner, Jr., at any time during the continuance of this trust, then and thence-forth the share of the net income to which the deceased child, his or her issue, if then living, would have been entitled, shall be paid over to the Board of Managers of the Presbyterian Hospital of the City of New York to constitute a fund for charitable purposes to be known as The Meta Raegner Memorial Fund." Upon the termination of the trust (i.e., upon the death of both Louis C. Raegner, Jr., and John R. Matty) the corpus " shall be payable to such person or persons and in such shares and lawful estates as the said son, Louis C. Raegner, Jr., may nominate and appoint by his last will and testament, and, in default of the same, share and share alike to the lawful issue of the Settlor's said son, Louis C. Raeg-ner, Jr., him surviving, per stirpes and not per capita, and in case the Settlor's said son shall have died without leaving lawful issue then living, the principal of said trust estate shall be payable to the Board of Managers of the Presbyterian Hospital of the City of New York to constitute a fund for charitable purposes to be known as The Meta Raegner Memorial Fund." The trust in Exhibit 9 was specifically different from the eight other trusts in that it contained a provision for revocation, as follows:

Sixth: Anything herein to the contrary notwithstanding the Settlor reserves the right and privilege of terminating and revoking this agreement upon ob-taining the consent in writing of the Settlor's said son, Louis C. Raegner, Jr.

The several trust indentures contained provisions common to all for the appointment of successive trustees, and the payment to the trustees of lawful commissions for their services.

The respondent contends in his amended answer that the interests of the remaindermen under all nine of the above named trusts did not vest during the decedent's lifetime, and that the decedent, there-fore, died possessed of a reversionary interest in the several trusts, the value of which should be included in the decedent's gross estate under the provisions of either subdivision (a) or (c), or both, of section 302 of the Revenue Act of 1926. Regarding the last named

trust, dated December 9, 1925, the respondent contends that the decedent retained the right in conjunction with the life beneficiary to revoke the trust, and, that, therefore, the entire value of the corpus of this trust should be included in the decedent's gross estate under the provisions of subdivision (d) of the same section and act. The respondent does not contend that any of the trusts were created in contemplation of the grantor's death.

The petitioners, on the other hand, contend that no part of the value of any of the trust property in question is includable in the decedent's gross estate, under any provision of the statute.

Since the respondent does not contend that any of the instruments involved herein were executed in contemplation of death, it is only necessary to consider the application of that part of section 302 of the Revenue Act of 1926 which reads as follows:

SEC. 302. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

(a) To the extent of the interest therein of the decedent at the time of his death;

\*        \*        \*        \*        \*        \*        \*

(c) To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, \* \* \* or intended to take effect in possession or enjoyment at or after his death, except \* \* \*;

(d) To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, where the enjoyment thereof was subject at the date of his death to any change through the exercise of a power, either by the decedent alone or in conjunction with any person, to alter, amend, or revoke \* \* \*.

The respondent's contentions relative to the application to all nine of the trusts of either subdivision (a) or (c), or both, of the above quoted statute will be considered together. These contentions are substantially the same as were made by the respondent and denied by us in the case of *Elizabeth B. Wallace, Executrix*, 27 B.T.A. 902. It would serve no useful purpose to go again into the same contentions which we disposed of in the *Wallace* case. Suffice it to say that the New York law is involved in both cases; that in the instant proceeding there was at all times a remainderman ready to take the very moment that the life estate might terminate; that the remainder interests involved here were vested and not contingent; that with the exception of the trust dated December 9, 1925 (which exception will be discussed later in this opinion), the decedent retained no power to alter, amend or revoke any of the instruments; that death of the grantor in 1928 was not the generating source of any acquisitions of property by any of the remaindermen; and that there was no transfer of property from the dead to the living upon which an estate tax could be levied. It follows that the contentions of the

respondent relative to the application of either subdivision (a) or (c) of the statute must be denied. See also *McCaughn* v. *Carnill*, 43 Fed. (2d) 69; *Commissioner* v. *Duke*, 62 Fed. (2d) 1057; affirmed per curiam by the Supreme Court, 290 U.S. 591; *H. Seldon Taylor, Jr., et al., Executors*, 27 B.T.A. 220; *Luis James Phelps et al., Executors*, 27 B.T.A. 1224; and *Flora M. Bonney et al., Executrices*, 29 B.T.A. 45.

We shall now consider the question whether the value of the corpus of the trust created on December 9, 1925, the one included by respondent in his deficiency notice, was correctly included under the provisions of section 302 (d), *supra*. The decedent could not alter, amend or revoke this trust except "upon obtaining the consent in writing of the Settlor's said son," the life beneficiary. To the extent of the life estate, at least, the decedent's son was an adverse interest, and under such circumstances, the value of the life estate is no part of the decedent's gross estate. *David J. Lit et al., Executors*, 28 B.T.A. 853; *Edna T. Stevens et al., Executors*, 29 B.T.A. 641.

It remains to be determined whether the remainder interest in the trust dated December 9, 1925, was revocable and, consequently, includable in decedent's gross estate. In the *Lit* case we held that the remainder interest in the trust there involved was revocable without securing the consent of an adverse interest and should be included in the grantor's gross estate. The only difference in fact between the trust involved in the instant proceeding and the trust involved in the *Lit* case is that Rose L. Lit had only a life estate in the income of the trust, whereas the grantor's son, in the instant proceeding, had not only a life estate in the income of the trust, but was granted a general power of appointment of the remainder. The question now before us is whether this difference in fact between the two cases requires a different answer in deciding whether such remainder interest is includable in decedent's gross estate under section 302 (d) quoted above. In deciding the *Lit* case we held that since Congress, in separate Committee reports of the House and Senate, stated "This provision [sec. 302 (d)] is in accord with the principle of section 219 (g) of the bill which taxes to the grantor the income of a revocable trust," the two sections should be read together; and that the term "any person" in section 302 (d) should be interpreted as meaning "any person not a beneficiary of the trust. * * *" Under that interpretation we held that since Rose L. Lit was a beneficiary to the extent that she was granted a life estate in the income of the trust, the life estate should not be included in the grantor's gross estate; and that since she was not a beneficiary as to the remainder, she was not an adverse interest as to it and the remainder interest was revocable by the grantor " in

conjunction with any person not a beneficiary" and, therefore, includable in the grantor's gross estate.

The income from the trust dated December 9, 1925, was to be paid to decedent's son for life and upon his death "to such person or persons and in such shares and lawful estates as the said son Louis C. Raegner, Jr. may nominate and appoint by his last will and testament, or other written instrument," with other provisions in case of default.

Did decedent's son have an adverse interest as to the remainder? The son was one of the trustees of the trust. But, as held in *Reinecke* v. *Smith*, 289 U.S. 172, "A trustee is not subsumed under the designation beneficiary." In *Smith* v. *Commissioner*, 59 Fed. (2d) 56, the United States Circuit Court of Appeals, First Circuit, said:

It would seem that Congress did not intend, by the use of the term "beneficiary" in section 219 (g) only a beneficiary having a present vested interest, but intended to include within that term a beneficiary or beneficiaries having contingent interests as well as those having present or vested ones.

Undoubtedly Congress could have drawn a line between beneficiaries holding vested and contingent interests, or between those having contingent interests based on their respective degrees of remoteness, but it has done neither of these things. It is therefore far more reasonable to conclude that by the word "beneficiary" Congress intended to include persons or classes of persons designated, in the particular trust under consideration, entitled to take present or contingent interests thereunder.

See also *Bessie R. Jones*, 27 B.T.A. 171; *Iola Wise Stetson*, 27 B.T.A. 173.

In view of these decisions we must enlarge our inquiry and ask whether the son was an adverse interest within the meaning of the law, as to the remainder. It is clear that if the son had exercised the general power of appointment granted him by his father in the trust indenture and had died, the corpus of the trust would have been included as a part of the son's estate. See section 302 (f), Revenue Act of 1926; also *J. Gilmore Fletcher, Executor*, 29 B.T.A. 503.

We think it is clear, therefore, that one who has been granted a general power of appointment over the corpus of the trust property has an adverse interest in such property from that of the settlor of the trust and, where his consent must be secured before the settlor can revoke the trust, such trust instrument is irrevocable within the meaning of the authorities which we have already cited and discussed.

On this issue, we hold for petitioner.

Reviewed by the Board.

*Decision will be entered under Rule 50.*