*1073 OPINION.
Seaweuo :
The issue in this proceeding is whether certain dividends received in 1927 and 1928 by the trustees of six trusts created by the petitioner are, under the circumstances detailed in our findings of fact, taxable to the petitioner.
In each of the three trusts, Nos. 1, 2, and 8, constituting the first set of trusts, the trust instruments provided' that the petitioner, “ Olive H. Prouty expressly reserves to herself the right and power from time to time to change, add to, alter, amend or cancel any or all of the provisions of this declaration of trust * *
Section 219 (g) of the Revenue Act of 1926 (identical with section 166 of the Revenue Act of 1928) is as follows:
Where the grantor of a trust has, at any time during the taxable year, either alone or in conjunction with any person not a beneficiary of the trust, the power to revest in himself title to any part of the corpus of the trust, then the income of such part of the trust for such taxable year shall be included in computing the net income of the grantor.
The record shows that in the original trust instruments of the first set of trusts the petitioner expressly reserved to herself the right and power from time to time to change, amend, or cancel any or all of the provisions of the trusts and thereby revest in herself title to the corpus of trusts Nos. 1, 2, and 3. Such right and power appear from the record not to have been limited or restricted by any change thereof until the aforesaid trust amendment of March 24, 1927, which expressly revoked the aforesaid power originally reserved by petitioner. After this amendment, in our opinion, *1074 and we so bold, these trusts became in a sense irrevocable — no longer revocable within the meaning of section 219 (g) of the Revenue Act of 1926 or the corresponding section of the Revenue Act of 1928.
The record herein not showing that the dividends or any portion thereof received in 1927 by the trustee of the first set of trusts was received after the trusts became irrevocable as aforesaid by reason of the trust amendment of March 24, 1927, and it also appearing from the record that the petitioner “ at a time during the taxable year ” 1927 (up to March 24, 1927) had the power within herself, acting alone, to revest in herself title to the corpus of trusts Nos. 1, 2, and 3, and there being no sufficient evidence in the record to overcome the presumption of the correctness of the respondent’s determination with respect to the matter, it is our opinion and we hold that the dividends received from the first set of trusts for the taxable year 1927 should be included in computing petitioner’s net income for that year. Corliss v. Bowers, 281 U.S. 376; Clapp v. Heiner, 51 Fed. (2d) 224; John G. Hormel, 25 B.T.A. 703.
At no time during the taxable year 1928 did the petitioner have the power with reference to the first set of trusts that existed prior to the trust amendment of March 24, 1927. During the year 1928 these trusts were revocable by petitioner only in conjunction with Lewis I. Prouty. Petitioner contends that Lewis I. Prouty was a beneficiary under these trusts and therefore petitioner could not revoke any of them acting “ alone or in conjunction with any person not a beneficiary of the trust.” The section of the revenue act to which reference has been made uses the word “ beneficiary ” without qualification or enlargement of its ordinary meaning or scope.
In Smith v. Commissioner, 59 Fed. (2d) 56, the Circuit Court of Appeals of the First Circuit said:
It would seem that Congress did not intend, by the use of the term “ beneficiary ” in section 219 (g) only a beneficiary having a present vested interest, but intended to include within that term a beneficiary or beneficiaries having contingent interests as well as those having present or vested ones.
Undoubtedly Congress could have drawn a line between beneficiaries holding vested and contingent interests, or between those having contingent interests based on their respective degrees of remoteness, but it has done neither of these things. It is therefore far more reasonable to conclude that by the word “ beneficiary ” Congress intended to include persons or classes of persons designated, in the particular trust under consideration, entitled to take present or contingent interests thereunder.
In the case of Bessie R. Jones, 27 B.T.A. 171, the interests of the beneficiaries, her husband and her son, as trustees, were similar to the interests of Lewis I. Prouty and his children, Jane C. and Richard Prouty, respectively, under the second set of trusts, and in the case of Bessie R. Jones, supra, we held, in accordance with the opinion of the court in Smith v. Commissioner, supra, that the trust *1075 involved, was not revocable within the meaning of section 166 of the Revenue Act of 1928, which in all respects pertinent to this case is the same as section 219 (g) of the Revenue Act of 1926. See also Langley v. Commissioner, 61 Fed. (2d) 796; Iola Wise Stetson, 27 B.T.A. 173; Margaret A. Holmes, 27 B.T.A. 660. Cf. David J. Lit et al., Executors, 28 B.T.A. 853.
We are of opinion, and so hold, that Lewis I. Prouty was a beneficiary under trusts Nos. 1, 2, and 3 during all of the year 1928, and the dividends received therefrom in that year are not includable in computing the petitioner’s net income for 1928.
In the other three trusts, Nos. 4, 5, and 6, created by petitioner June 11, 1927, Lewis I. Prouty was trustee. The record shows that all of them were irrevocable within the meaning of section -219 (g) and section 166, swpra, none of them being revocable by the petitioner acting “ alone or in conjunction with any person not a beneficiary of the trust.” We are of the opinion and hold, therefore, that none of the dividends received by the trustee under any of these trusts are includable in computing petitioner’s net income for either 1927 or 1928.

Judgment will be entered under Rule -50.