EDNA T. STEVENS, JOHN P. STEVENS, JR., AND ROBERT T. STEVENS, EXECUTORS UNDER THE LAST WILL AND TESTAMENT OF JOHN P. STEVENS, DECEASED, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 68422. Promulgated December 27, 1933.

*Edward J. Patterson, Esq.*, for the petitioners.
*Frank T. Horner, Esq.*, for the respondent.

OPINION.

TRAMMELL: This proceeding involves a deficiency in estate tax in the amount of $27,554.52, of which only $15,056.24 is in controversy, the balance being admitted by the petitioners.

The sole issue involved is whether or not the value of certain property included in a trust instrument should be included in the gross estate of the decedent.

The decedent, John P. Stevens, died October 27, 1929, a resident of New Jersey, and the petitioners are his duly appointed executors.

On January 12, 1927, the decedent executed four trust indentures, designated in the stipulation as Nos. 1, 2, 3, and 4, respectively.

At the time of the decedent's death all the property, the inclusion of which in his gross estate constitutes the subject of this controversy, was held by the trustees under indenture No. 1.

By the terms of indenture No. 1 the property held in trust thereunder is to be held during the life of the decedent's wife, and upon her death (or within such further time not exceeding ten years as the trustees may determine, but in no event beyond the lives of the decedent's three sons) the principal is to be paid to the decedent's three sons and/or their issue, their appointees by will, or their successors in case of intestacy. The income during the continuance of the trust is likewise completely disposed of to persons other than the decedent. No beneficial interest in either income or principal was retained by the decedent, but in article eight it was provided:

Article Eighth: At any time after two (2) years from the date hereof and during the life of said Edna T. Stevens, the Grantor, or after his death his executor or administrator, by instrument in writing executed by him or them, and consented to in writing by his wife, Edna T. Stevens, and by his children, John P. Stevens, Jr., Robert T. Stevens and Nathaniel Stevens, or by his said wife and the survivors or survivor of said children, and delivered with such consents to the Trustees, from time to time may revoke the trusts hereby created with respect to all or any part or parts of the Trust Estate or may modify this Indenture or change the beneficiaries as in such instrument provided, and upon any revocation made in the manner aforesaid, the Trust Estate or such part or parts thereof as shall be affected by such revocation shall be assigned, transferred and paid over to the Grantor, his executor or administrator, provided, however, that no such revocation, modification or change of

beneficiaries shall be made to affect or invalidate any act or thing theretofore done by the Trustees hereunder or any provision of this Indenture relating to the indemnification, security or protection of the Trustees.

None of the foregoing assignments or transfers was made in contemplation of death.

Indenture No. 1 referred to contains the following provision:

To HAVE AND TO HOLD unto the Trustees, their successors and assigns, IN TRUST, NEVERTHELESS, as follows:

First: To hold the Trust Estate and to collect the income therefrom arising during the life of Edna T. Stevens, wife of the Grantor, and during her life, after deducting all proper taxes, charges and expenses, to pay the net income therefrom arising as follows:

(a) To THE PLAINFIELD TRUST COMPANY, a corporation organized under the laws of the State of New Jersey, and John P. Stevens as Trustee under a certain indenture bearing even date herewith and executed by the Grantor, the sum of Five Hundred Dollars ($500) for each birthday during the life of the said Edna T. Stevens of each grandchild of the Grantor now living or hereafter born during the life of said Edna T. Stevens, to and including the twenty-first birthday of each such grandchild or during such shorter time as he or she shall live, the payment for each birthday of each of said grandchildren to be made within ninety (90) days after the occurrence thereof, except the payments for the twenty-first birthday of each grandchild, which payments shall be made immediately.

The grandchildren of the Grantor now living, with the respective dates of their births, are as follows:

| | | |
|---|---|---|
| Children of John P. Stevens, Jr. | Edith Ames Stevens_____February 20, 1922 | |
| | Phebe Ten Broeck Stevens_____September 10, 1923 | |
| | John Peters Stevens II_____May 28, 1926 | |
| Children of Robert T. Stevens | Robert Ten Broeck Stevens, Jr_____June 14, 1925 | |
| | Whitney Stevens _____November 26, 1926 | |
| Child of Nathaniel Stevens | Ruth Alden Stevens_____June 10, 1925 | |

(b) To divide the net income then remaining into four equal parts and to pay over the same as follows:

One fourth part thereof to said Edna T. Stevens.

One fourth part thereof to John P. Stevens, Jr., son of the Grantor, or in case of his death, thereafter to such person or persons as he by his last will and testament shall give or bequeath his residuary estate, or, in default of such gift or bequest, to such person or persons as shall be entitled to his estate under the intestate laws applicable thereto;

One fourth part thereof to Robert T. Stevens, son of the Grantor, or in case of his death, thereafter to such person or persons as he by his last will and testament shall give or bequeath his residuary estate or, in default of such gift or bequest, to such person or persons as shall be entitled to his estate under the intestate laws applicable thereto;

One fourth part thereof to Nathaniel Stevens, 2d, son of the Grantor, or in case of his death, thereafter to such person or persons as he by his last will and testament shall give or bequeath his residuary estate or, in default of such gift or bequest, to such person or persons as shall be entitled to his estate under the interstate laws applicable thereto.

Second: Upon the death of said Edna T. Stevens, to divide the Trust Estate into six equal parts and thereupon, or within such further time as is hereinafter provided, to assign, convey and pay over the same as follows:

(1) One of said equal parts to said John P. Stevens, Jr., or in case of his prior decease, then to such person or persons as he by his last will and testament shall give or bequeath his residuary estate or, in default of such gift or bequest, to such person or persons as shall be entitled to his estate under the intestate laws applicable thereto;

(2) One of said equal parts in equal shares to the children of said John P. Stevens, Jr., living at the death of said Edna T. Stevens and the children of any child of said John P. Stevens, Jr., who may theretofore have died leaving issue, *per stirpes et non per capita;*

In case there shall be no issue of said John P. Stevens, Jr. living at the death of said Edna T. Stevens, said equal part shall be added to the equal part provided for in subdivision (1) of this Article Second and be assigned, conveyed and paid over in like manner.

(3) One of said equal parts to said Robert T. Stevens, or in case of his prior decease, then to such person or persons as he by his last will and testament shall give or bequeath his residuary estate or, in default of such gift or bequest, to such person or persons as shall be entitled to his estate under the intestate laws applicable thereto;

(4) One of said equal parts in equal shares to the children of said Robert T. Stevens living at the death of said Edna T. Stevens and the children of any child of said Robert T. Stevens who may theretofore have died leaving issue, *per stirpes et non per capita:*

In case there shall be no issue of said Robert T. Stevens living at the death of said Edna T. Stevens, said equal part shall be added to the equal part provided for in subdivision (3) of this Article Second and be assigned, conveyed and paid over in like manner.

(5) One of said equal parts to said Nathaniel Stevens, or in case of his prior decease, then to such person or persons as he by his last will and testament shall give or bequeath his residuary estate or, in default of such gift or bequest, to such person or persons as shall be entitled to his estate under the intestate laws applicable therto;

(6) One of said equal parts in equal shares to the children of said Nathaniel Stevens 2d living at the death of said Edna T. Stevens and the children or any child of said Nathaniel Stevens who may theretofore have died leaving issue, *per stirpes et non per capita;*

In case there shall be no issue of said Nathaniel Stevens living at the death of said Edna T. Stevens, said equal part shall be added to the equal part provided for in subdivision (5) of this Article Second and be assigned, conveyed and paid over in like manner. The provisions in subdivisions (2), (4) and (6) of this Article Second for the benefit of children or grandchildren of any of the sons of the Grantor living at the death of his said wife shall apply equally to posthumous children and grandchildren.

The statute involved in this case is section 302 (d) of the Revenue Act of 1926, which provides as follows:

SEC. 302. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

＊ ＊ ＊ ＊ ＊ ＊ ＊

(d) To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, where the enjoyment thereof was

subject at the date of his death to any change through the exercise of a power, either by the decedent alone or in conjunction with any person, to alter, amend, or revoke, or where the decedent relinquished any such power in contemplation of his death, except in case of a bona fide sale for an adequate and full consideration in money or money's worth. The relinquishment of any such power, not admitted or shown to have been in contemplation of the decedent's death, made within two years prior to his death but after the enactment of this Act without such a consideration and affecting the interest or interests (whether arising from one or more transfers or the creation of one or more trusts) of any one beneficiary of a value or aggregate value, at the time of such death, in excess of $5,000, then, to the extent of such excess, such relinquishment or relinquishments shall be deemed and held to have been made in contemplation of death within the meaning of this title.

The respondent contends that since the decedent reserved the right in the trust indenture to revoke the trust or to modify the same, or to change the beneficiaries, the trust instrument is brought within the terms of the above quoted section of the statute and therefore the property included therein should be included in the gross estate. The fact is, however, that the power of revocation or modification of the trust could only be exercised by the decedent in conjunction with all of the beneficiaries, except the Plainfield Trust Co., a corporation, which was one of the trustees for certain minor children. The trust instrument here involved provided that certain income should be paid to the Plainfield Trust Co. and John P. Stevens as trustees, to be paid over to the grandchildren of the grantor at the rate of $500 a year on each birthday of each grandchild, and $500 when each grandchild arrived at the age of 21 years. The Plainfield Trust Co. and John P. Stevens were trustees for the grandchildren under another trust which was to receive the income for this purpose from the trust here involved, known as indenture No. 1. The trust of which the Plainfield Trust Co. and John P. Stevens were trustees was a beneficiary of the trust set out in indenture No. 1. All of the beneficiaries of this trust (indenture No. 1) would have to join in a written consent before the decedent could revoke it, except the Plainfield Trust Co.

The facts, we think, bring this proceeding within our decision in *David J. Lit et al., Executors*, 28 B.T.A. 853, which case arose under section 302 of the Revenue Act of 1926, the statute here involved. In the cited case the decedent created a trust on December 30, 1927, the income of which was to be paid to his wife Rosa L. Lit for life, or to himself for life if his wife predeceased him, and upon the death of both the corpus was to be transferred to another or others. The trust instrument further provided that it might be revoked or amended by an instrument in writing duly executed by the settlor and Rosa L. Lit. The settlor died February 28, 1929. Decedent having reserved the right to revoke the trust only with the written consent of his wife, who was one of the beneficiaries thereunder, we held that the life estate vested in the wife should not be included

as a part of the decedent's gross estate, because as to her the trust conveyance was irrevocable.

The question here presented has been considered and the same conclusion reached in cases under the Revenue Act of 1924, which in so far as material here contains a provision similar to that now under consideration. *Estate of Irving Lee Stone*, 26 B.T.A. 1; *Colonial Trust Co. et al., Executors*, 22 B.T.A. 1377.

If the minor children be considered as beneficiaries of the trust known as indenture No. 1, which is here involved, then all of the beneficiaries of that trust who were of age were required to join in a consent to revoke and the case comes squarely within our decision in *Colonial Trust Co., supra*. However, if the Plainfield Trust Co. and John P. Stevens, who were trustees in a separate trust for the grandchildren of the decedent, be considered as beneficiaries of the trust known as indenture No. 1, one of those trustees being required to sign the consent to revocation, the case falls within our decision in the *Stone* case, *supra*, where six of seven beneficiaries were required to sign a consent to revocation.

It is also to be observed that in the case of *Reinecke* v. *Northern Trust Co.*, 278 U.S. 339, there were five trusts involved. The Supreme Court in that case said:

> He [the decedent] could not effect any change in the beneficial interest in the trusts without the consent, in the case of four of the trusts, of the person entitled to that interest, and in the case of one trust without the consent of a majority of those so entitled. Since the power to revoke or alter was dependent on the consent of the one entitled to the beneficial, and consequently adverse, interest, the trust, for all practical purposes, had passed as completely from any control by decedent which might inure to his own benefit as if the gift had been absolute.

The Court treated that trust, in which a majority of the beneficiaries were required to join in the consent, in the same way that it treated the four trusts in which the sole beneficiary was required to join in the consent to revocation.

We think, therefore, that the reserve powers to the trustor in this case are not of such character as to bring this case within the purview of the above quoted section of the statute, and hold that the property included in the trust instrument involved is not to be included in the gross estate of the decedent.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*